[Crim. No. 3435. Second Dist., Div. Two.—June 4, 1941.]

THE PEOPLE, Respondent, v. PATRICK E. IRVINE et al., Appellants.

A. H. McConnell for Appellants.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

McCOMB, J.—From judgments of (1) guilty of a conspiracy to violate section 337a of the Penal Code; (2) guilty of five counts of violating subsection 1, section 337a of the Penal Code; and (3) guilty on eleven counts of violating subsection 2, section 337a of the Penal Code, defendants appeal. There are also appeals from orders denying their motions for a new trial.

The evidence being viewed most favorably to the people (respondent), the essential facts are:

Defendant Suter, in May, September, and October of 1939, operated a house in Lakewood Village, California, for the purpose of receiving and placing bets and wagers on horse races. In November, 1939, defendants Irvine and Suter opened a place in the city of Long Beach for the purpose of receiving and placing bets and wagers on horse races. This place they maintained until it was raided by the police, January 5, 1940.

Defendants rely for reversal of the judgments on these propositions:

*First: There is no substantial corroboration of the testimony of defendants' accomplices to show defendants' participation in or connection with any of the crimes of which they were convicted.*

*Second: The trial court committed prejudicial error in not instructing the jury at defendants' request that John W. Bent, a witness, was a coconspirator and accomplice of defendants.*

Defendants' first proposition is untenable. An examination of the record discloses substantial evidence considered in connection with the inferences which the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgments were necessarily predicated, including the necessary corroboration of the testimony of defendants' accomplices. For example, witness Blasdel testified that defendants Suter and Irvine came into his place of business and asked him if he was taking bets, to which he replied that he was not any more, and that said defendants told him that they would like to have him continue to take bets, to which he replied that he was not interested. Witness Bent, a former partner of defendant Suter's, testified that about October 17, 1939, defendant Suter asked him to put up money in connection with bookmaking operations, but that he declined to do so. Witness Morath, a representative of the telephone company, identified defendant Irvine as the man who had requested the installation of a number of telephones in the houses in Long Beach and Lakewood Village, which were being operated as bookmaking establishments, and testified that said defendant requested the service under the name of Roy Stuart. Witness Vogel, who installed certain telephones in one of the Lakewood Village houses, testified that he saw defendant Irvine at one of the houses and that at the time bookmaking papers similar to those which had been received in evidence were in the place. Witness Bozarth testified that he sold to defendant Irvine lumber which was used in the reconstruction of the Long Beach bookmaking establishment.

All of the foregoing testimony independent of the evidence of accomplices tended to connect defendants with the crimes of which they were convicted and fully meets the evidentiary requirements for sustaining a conviction of violating section

337a of the Penal Code as set forth by our Supreme Court in the case of *People* v. *Newland*, 15 Cal. (2d) 678 [104 Pac. (2d) 778].

Defendants' second proposition is likewise untenable. In view of the fact that the uncontradicted evidence disclosed that the witness Bent when approached by defendant Suter to join with him and defendant Irvine in operating a bookmaking establishment refused to do so, he therefore obviously was not an accomplice and the trial court did not err in refusing to instruct the jury that he was.

For the foregoing reasons the judgments and orders appealed from are and each is affirmed.

Moore, P. J., and Wood, J., concurred.